UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE LIFE IS GOOD COMPANY, )
    Plaintiff )
 )
v. ) C.A. No.
 )
VIRAL STYLE LLC, )
    Defendant )

## VERIFIED COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff The Life is Good Company ("Life is Good") is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.

2. Defendant Viral Style LLC ("Viral Style") is Florida limited liability company with a principal place of business in Tampa, Florida. Viral Style operates an interactive website at www.viralstyle.com through which designers of t-shirts advertise and sell those shirts. Consumers throughout the world, including in Massachusetts, can purchase the t-shirts directly through the Defendant's website.

### JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of a different state than the Defendant, and the property right at issue has a value in excess of $75,000.00. In addition, this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) because this matter involves violations of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as substantial and related state law claims.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Life is

1

Good's cause of action arose and Life is Good is being injured in this judicial district, and because Defendant is doing business in this judicial district and targeting Massachusetts customers to purchase its infringing and counterfeit products.

## FACTS

A. The Plaintiff and its "LIFE IS GOOD" Trademark.

5. Since at least as early as 1994, and continuously therefrom, the Plaintiff and its predecessors (Albert Jacobs and John Jacobs, doing business as Jacobs Gallery) have sold various products such as t-shirts, hats, pants, other clothing, stickers, flying discs, coffee mugs, *inter alia*, under the trademark "LIFE IS GOOD." The goods have been sold to retail stores and consumers directly by Life is Good, through its licensees, or through its web site.

6. Since 1994, the Plaintiff has continuously and pervasively utilized its "LIFE IS GOOD" trademark within this district and throughout the United States on its products, on hang tags, displays, boxes, packaging and labels, at its website (www.lifeisgood.com), and in catalogs and other places.

7. In short, the Plaintiff has invested substantial resources in promoting its products under the "LIFE IS GOOD" mark, and in developing national recognition of its "LIFE IS GOOD" mark and brand. As a result, the "LIFE IS GOOD" mark is perceived as a distinctive indicator of Plaintiff as the source of the goods.

8. On December 24, 1996, the United States Patent and Trademark Office (the "U.S.P.T.O.") issued a registration for Plaintiff's trademark "LIFE IS GOOD," registration number 2,025,737 (the "'737 Registration" ). The registration was issued to Jacobs Gallery. The goods under this registration are "Sportswear, namely T-shirts, sweatshirts, shirts, hats, pants, and shorts." The trademark was assigned by Jacobs Gallery to Life is good, Inc. on April 16,

1998. On April 6, 2002, the U.S.P.T.O. accepted Life is Good's section 8 and 15 affidavit for the '737 registration, and thus, it has become incontestable pursuant to 15 U.S.C. § 1065. The trademark was renewed on January 11, 2017, and is currently in full force and effect. On October 15, 2008, the change of the name of the registrant to The Life is Good Company was recorded with the U.S.P.T.O. A true copy of U.S. Trademark Registration No. 2,025,737 is attached hereto as Exhibit A.

9. In addition, Life is Good has eleven (11) other U.S. trademark registrations for the "LIFE IS GOOD" trademark for a variety of goods and services, and has registered the "LIFE IS GOOD" trademark in Canada, Europe and numerous other countries.

10. The trademark "LIFE IS GOOD" appears on or in connection with every product sold by Life is Good.

11. For many years Life is Good has marketed its products and offered its products for sale at its internet web site located at www.lifeisgood.com. Representative pages from Life is Good's web site are attached hereto as Exhibit B.

B. <u>The Defendant and His Infringing Activities</u>.

12. Viral Style is in the business of printing and selling t-shirts with a wide variety of designs. Upon information and belief, Defendant has online tools that permit his customers to create and upload infringing and counterfeiting designs, and start a "campaign" on Defendant's website. The designs printed by Defendant are submitted to Defendant or created online using Defendant's design tools at Defendant's website.

13. On information and belief, upon each sale Defendant reimburses itself for "production costs" and pays itself a processing fee, and then pays out the remaining revenue to the t-shirt designer.

14. On information and belief, Defendant has no method or process for screening a design to ensure that it does not infringe the intellectual property rights of third-parties before the design is launched and sales commence on Defendant's site.

15. Rather, the only "protection" that Defendant provides to third-party intellectual property owners is its "Intellectual Property Complaint Policy" at his website. However, although Defendant has responded to complaints submitted by Life is Good by removing infringing items, Defendant apparently does not bar repeat infringers from its website. Further, Defendant apparently has no policy or process in place to screen potential new campaigns against registered trademarks to ensure that such new campaigns do not infringe the intellectual property rights of third-parties.

16. Although Defendant asserts that his "Intellectual Property Complaint Policy" meets the requirements of the Digital Millennium Copyright Act ("DMCA"), it does not. Defendant has failed to bar repeat infringers from gaining access to its website. Further, the DMCA "safe harbor" provisions only apply to copyright infringement claims; thus Defendant's complaint policy affords it no "safe harbor" from Life is Good's claims of trademark infringement.

17. In April of 2017, Life is Good first learned that Defendant was offering for sale on his website t-shirts that infringe Life is Good's LIFE IS GOOD" trademark. As a result, counsel for Life Is Good filed a complaint through Defendant's on-line policy.

18. Although Defendant did remove the initial infringing t-shirt from his website, numerous additional campaigns have offered infringing products on Defendant's website over the past several weeks. Counsel has been forced to send numerous complaints through Defendant's on-line policy in order to have the infringing items removed. Screenshots of examples of the infringing items are attached hereto as Exhibit C.

19. As a result of the foregoing, Life is Good wrote to Defendant on June 21, 2017 demanding that Defendant (1) remove all infringing items from his website; (2) identify all infringing customers; (3) permanently deny access to Defendant's website to each person or entity what has offered for sale infringing items on Defendant's website; and (4) provide a full and complete itemization of all sales of infringing products. A true copy of that demand letter is attached hereto as Exhibit D. Defendant has failed to respond to that demand letter.

20. Defendant's actions have caused and/or are likely to cause confusion, mistake, or deception among the consuming public as to the source or origin of the products sold on Defendant's website, and are likely to create a false belief that sales on Defendant's website are authorized by or sponsored by Life is Good. As a result, the Defendant's actions are causing, and unless enjoined will continue to cause, damage to the substantial goodwill that Life is Good has developed in its marks and brand.

21. If the Defendant is not enjoined from misappropriating Life is Good's marks, the Plaintiff will suffer immediate and irreparable harm.

COUNT I
TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
15 U.S.C. § 1114

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of the complaint.

23. Plaintiff's mark "LIFE IS GOOD" is protected by a valid, subsisting, and incontestable United States Trademark Registration.

24. The commercial use of Life is Good's trademark on t-shirts and other products by Defendant as described above is a willful infringement of Life is Good's registered trademark, and such commercial use was with knowledge of and intended to trade off of Life is Good's

prior rights to its registered trademark.

25. Defendant's solicitation, manufacture, offering for sale, sale and shipment of infringing products creates a likelihood of confusion in the minds of consumers as to Life is Good's affiliation, connection or association with, or sponsorship or endorsement of the infringing products.

26. Plaintiff has not authorized the Defendant to make the above-described uses of Plaintiff's trademark.

27. Upon information and belief, the Defendant acted knowingly and intentionally in misappropriating the Plaintiff's trademark, and has continued to do so despite actual knowledge of Plaintiff's rights and Defendant's infringement.

28. The goodwill of Life is Good's trademark is of enormous value, and Life is Good is suffering and will continue to suffer irreparable harm should Defendant's unauthorized manufacturing, selling and shipping of the infringing products continue.

29. Defendant's use of Life is Good's trademark on the infringing products has continued and will continue unless enjoined by this Court.

30. Life is Good is entitled to preliminary and permanent injunctions against Defendant, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

COUNT II
<u>UNFAIR COMPETITION AND PASSING OFF UNDER THE LANHAM ACT,
15 U.S.C. § 1125(a)</u>

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 of the complaint.

32. Defendant's manufacture, sale and shipment of products bearing the Life is Good trademark that compete directly with authentic Life is Good products has caused and will likely cause confusion, mistake or deception on the part of persons interested in purchasing authentic Life is Good products as to the origin of Defendant's infringing products, and/or the sponsorship or approval by Life is Good of Defendant's infringing products.

33. Upon information and belief, Defendant's unfair competition and passing off has been willful and deliberate, and has continued despite actual knowledge of Plaintiff's rights and Defendant's infringement.

34. The goodwill of Life is Good's trademark is of enormous value, and Life is Good is suffering and will continue to suffer irreparable harm should Defendant's unfair competition and passing off of the infringing products continue.

35. Defendant's unfair competition and passing off has continued and will continue unless enjoined by this Court.

36. Life is Good is entitled to preliminary and permanent injunctions against Defendant, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

## COUNT III
### CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. §§ 1114 and 1125(a)

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 of the complaint.

38. Defendant manufactures, sells and ships infringing and counterfeit products created by unnamed third parties.

39. In view of the numerous notices provided to it by Life is Good, Defendant is aware that its customers are creating infringing and counterfeit designs which Defendant is manufacturing, selling and shipping.

40. Defendant is liable for contributory trademark infringement through its actions of manufacturing, selling, and shipping products that it knows bear infringing and counterfeit designs, and through its refusal to deny access to his website to such serial infringers despite repeated notices.

## COUNT IV
## COUNTERFEITING UNDER THE LANHAM ACT, 15 U.S.C. § 1114

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 of the complaint.

42. Defendant, without authorization from Life is Good, has manufactured, sold and shipped products, as described above, that display counterfeits or colorable imitations of federally registered Life is Good trademark.

43. Defendant's actions are intended to cause, have caused and are likely to continue to cause confusion, mistake and deception among consumers and potential consumers as to whether Defendant's counterfeit products originate from or are affiliated with, sponsored by, licensed by or endorsed by Life is Good.

44. Defendant has acted with knowledge of Life is Good's trademark rights and with a deliberate, willful intention to trade upon the consumer goodwill created and enjoyed by Life is Good.

45. Defendant's actions constitute trademark counterfeiting in violation of 15 U.S.C. §

1114.

46. The goodwill of Life is Good's trademark is of enormous value, and Life is Good is suffering and will continue to suffer irreparable harm should Defendant's unauthorized manufacturing, selling and shipping of counterfeit products continue.

47. Defendant's use of Life is Good's trademark on counterfeit products has continued and will continue unless enjoined by this Court.

48. Life is Good is entitled to preliminary and permanent injunctions against Defendant, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

## COUNT V
## UNFAIR COMPETITION UNDER THE COMMON LAW

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 of the complaint.

50. Plaintiff's trademark is well-known throughout the United States.

51. Defendant's misappropriation of Life is Good's trademark constitutes unfair competition in violation of the Lanham Act and the common law, as well as common law trademark infringement.

52. Unless enjoined, these acts will cause irreparable injury and damage to Plaintiff for which there exists no adequate remedy at law.

WHEREFORE, Plaintiff The Life is Good Company prays that this Court:

1. Enter judgment in favor of Plaintiff on all counts of the complaint;

2. Award Plaintiff monetary damages plus statutory interest;

3. Award Plaintiff enhanced damages, attorneys' fees and costs;

4. Order Defendant to disgorge all profits realized from the sale of infringing products;

5. Order Defendant to pay to Plaintiff statutory damages of $1,000,000 per counterfeit mark per type of product sold, offered for sale, or distributed in accordance with 15 U.S.C. § 1117;

6. Order Defendant to surrender all infringing products for destruction;

7. Enter a preliminary injunction enjoining and restraining the Defendant, its directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendant who receive actual notice of this Court's orders by personal service or otherwise, from (1) operating the www.viralstyle.com website, or any similar website, unless and until Defendant has provided evidence to this Court showing that it has established a policy that insures that every campaign seeking access to any of Defendant's websites is screened against Life is Good's Trademarks prior to gaining access to Defendant's websites; and/or (2) from using in commerce any counterfeit or colorable imitation of Plaintiff's "LIFE IS GOOD" trademark, or any mark confusingly similar to that trademark;

8. Enter a permanent injunction enjoining and restraining the Defendant, its directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendant who receive actual notice of this Court's orders by personal service or otherwise, from (1) operating the www.viralstyle.com website, or any similar website, unless and until Defendant has provided evidence to this Court showing that it has established a policy that insures that

every campaign seeking access to any of Defendant's websites is screened against Life is Good's Trademark prior to gaining access to Defendant's websites; and/or (2) from using in commerce any counterfeit or colorable imitation of Plaintiff's "LIFE IS GOOD" trademark, or any mark confusingly similar to that trademark;

and

    9. Award such further relief as the Court deems just and appropriate.

### Jury Demand

The Plaintiff demands a trial by jury on all issues so triable.

        THE LIFE IS GOOD COMPANY,
        By its attorneys,

        /s/ Thomas E. Kenney
        Thomas E. Kenney (#561590)
        Pierce & Mandell, P.C.
        11 Beacon Street, Suite 800
        Boston, MA 02108
        (617) 720-2444
        tom@piercemandell.com